## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KIVEN M. COLLINS,<br><br>                Plaintiff,<br><br>      v.<br><br>DANIEL TRAXINGER, SIDNEY WOODS, and KATIE FERGUSON,<br><br>                Defendants. | Case No. 3:24-cv-00196-SLG |

### SCREENING ORDER

On September 9, 2024, self-represented prisoner Kiven M. Collins ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and three summons forms.[1] Plaintiff is serving a life sentence in the custody of the Alaska Department of Corrections ("DOC"). He alleges that on or about December 20, 2009, another prisoner made false accusations against Plaintiff which appears to have resulted in an order requiring Plaintiff and the other prisoner to be housed separately.[2] Plaintiff claims that due to either this separation order or "population management" concerns, he was transferred to the Palmer Correctional Facility on or about February 14, 2024.[3] Plaintiff states he had previously been housed at Goose Creek "for the last

---

[1] Dockets 1-4.

[2] Docket 1 at 4.

[3] Docket 1 at 4.

decade."[4] Plaintiff believes his due process rights and equal protection rights were violated, and he is in fear of retaliation for bringing his claims against prison officials.[5] For relief, Plaintiff seeks an "adequate/proper investigation" into the alleged false allegations contained in his DOC file, an order requiring defendants to remove what he believes is "illegally obtained false information" contained in his institutional records, and no less than $1,000,000 in damages.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. Although amendment is likely futile, Plaintiff is granted **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

---

[4] Docket 1 at 7.

[5] Docket 1 at 4.

[6] Docket 1 at 8-9.

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 2 of 17

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Further, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[11]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 3 of 17
Case 3:24-cv-00196-SLG     Document 8     Filed 01/31/25     Page 3 of 17

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual

---

including ... details contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 4 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 4 of 17

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

Further, a federal court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim,[20] and it is not the Court's responsibility to review filings or exhibits to identify possible claims. A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between that specific injury and the conduct of that defendant.[21]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right,

---

"materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[19] *Ashcroft*, 556 U.S. at 678.

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[21] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 5 of 17
Case 3:24-cv-00196-SLG   Document 8   Filed 01/31/25   Page 5 of 17

the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

### A. Statute of Limitations

A statute of limitations bars claims after a specified time based on the date when the claim accrued. A federal claim accrues when the plaintiff knows or *should know* of the injury giving rise to the action.[26] If a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[27] Because Section 1983 does not contain its own statute of limitations, federal courts apply the state's statute of limitations for personal injury actions.[28] In Alaska, the statute of limitations for personal injury claims is two years.[29]

---

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024) (emphasis added). *See also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("[A]ccrual occurs when the plaintiff has a complete and present cause of action, ... that is, when the plaintiff can file suit and obtain relief.").

[27] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (upholding dismissal of self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[28] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[29] Alaska Statute § 09.10.070.

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 6 of 17
Case 3:24-cv-00196-SLG     Document 8     Filed 01/31/25     Page 6 of 17

In any amended complaint, Plaintiff must include the specific dates each event allegedly occurred, and he should not include any claims based on events that occurred on or before September 9, 2022, as they would appear to be time-barred by the applicable two-year statute of limitations.

### B. Due Process

Prisoners have no constitutional right to incarceration in a particular institution.[30] A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions without offending the Constitution. This is true even if, as alleged here, the transfer is to a considerably less favorable institution.[31] Additionally, prisoners have no right to a particular classification or custody level.[32] Indeed, prisoners may be subjected to "disciplinary segregation" for behavioral incidents or may be segregated from others for purposes of institutional safety and order. It is an administrative, not a punitive, decision that results in "administrative segregation."[33] "For example, prisoners may be segregated to protect them from other prisoners; to protect other prisoners from the segregated prisoner; or pending

---

[30] *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983).

[31] *Cf. Coakley v. Murphy,* 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights).

[32] *See Myron v. Terhune,* 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison). *See also McFarland v. Cassady*, 779 F.2d 1426, 1427-28 (9th Cir. 1986).

[33] *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003).

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 7 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 7 of 17

investigation of disciplinary charges, transfer, or re-classification."[34] A court must focus on the nature of the deprivation imposed when determining whether a prisoner is entitled to procedural due process protections.[35]

Plaintiff's allegations that Defendants caused him harm by transferring him to another prison do not, even when liberally construed, amount to a violation of his due process rights. To the extent Plaintiff asserts there was a due process violation based on the alleged inaccurate information that led to the "keep away" order, relief is not warranted on that basis alone.[36] Further, any claims related to the alleged false information added to his DOC file in 2009, are likely time-barred by the applicable two-year statute of limitations. Although amendment is likely futile, Plaintiff is granted leave to amend this claim.

### C. Equal Protection

Additionally, Plaintiff has pleaded insufficient facts, that if accepted as true, could support his equal protection theory.[37] The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be

---

[34] *Carr v. Lytle,* Case No. 1:20-CV-00313-DCN, 2024 WL 989697, at *2 (D. Idaho 2024) (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 472–73).

[35] *Sandin,* 515 U.S. at 493.

[36] *Hernandez*, 833 F.2d at 1319.

[37] *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (To state a Fourteenth Amendment equal protection claim, a plaintiff must allege "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 8 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 8 of 17

treated alike.[38] To state a claim for a violation of this provision, a plaintiff must plausibly allege facts that if proven, would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class.[39] Prisoners are not a protected class for purposes of an equal protection claim.[40] Because Plaintiff has not alleged facts to support a finding of discrimination based on his membership in a protected class, Plaintiff fails to state a claim for violation of the Equal Protection Clause.[41] Further, the Court finds that according Plaintiff leave to amend to attempt to state an equal protection claim would be futile. Therefore, Plaintiff's Equal Protection claim is DISMISSED without leave to amend.

---

[38] *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125–26 (9th Cir. 2002).

[39] *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class). *See also Yick Wo v. Hopkins,* 118 U.S. 356, 369 (1886) (The guarantees of equal protection "are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws.").

[40] *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a protected class for purposes of stating an equal protection claim).

[41] *Cf. United States v. Juvenile Male,* 670 F.3d 999, 1009 (9th Cir. 2012) (recognizing that the Ninth Circuit has previously "rejected the argument that sex offenders are a suspect or protected class") (citing *United States v. LeMay,* 260 F.3d 1018, 1030–31 (9th Cir. 2001)).

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 9 of 17
Case 3:24-cv-00196-SLG   Document 8   Filed 01/31/25   Page 9 of 17

**D. Retaliation**

Plaintiff claims he has "increasingly suffered from multiple amounts of policy violations revolving around improper manifestations, unwarranted transfers, discrimination, skewed character, loss of sleep, loss of property, loss of appetite, inability to remain focused on daily tasks, unnecessary stress conversating with DOC Staff/Officials in fear of inadequate treatment."[42]

A prisoner may bring allegations of retaliation against his right to file grievances or access the courts under the First Amendment. To prevail on such a claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

    (1) the plaintiff was engaged in conduct protected under the First Amendment;

    (2) the defendant took adverse action against the plaintiff;

    (3) the defendant took adverse action against the plaintiff because of the plaintiff's protected conduct;

    (4) the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and

    (5) the action taken by the defendant did not reasonably advance a legitimate correctional goal.[43]

---

[42] Docket 1 at 6.

[43] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.11A and the

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 10 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 10 of 17

As pleaded, Plaintiff has not alleged facts, which, if accepted as true, support a plausible claim of retaliation under the First Amendment. Although prisoners may not be transferred in retaliation for exercising their First Amendment rights,[44] Plaintiff has not alleged facts linking the alleged retaliatory transfer to his protected speech.[45] Rather, as he indicates, Plaintiff was transferred due to an administrative decision to segregate Plaintiff from another prisoner and DOC's population management needs. Although amended is likely futile, the Court grants leave to amend this claim.

### III. Plaintiff's Additional Filings

On October 7, 2024, Plaintiff filed two affidavits by other prisoners in support of the Complaint.[46] Then, on October 11, 2024, Plaintiff filed a document intended to replace page 5 of the Complaint, in which he made several minor changes.[47] Although the Court may consider documents attached to a complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope

---

cases cited therein.

[44] *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *cf. Gomez v. Vernon*, 255 F.3d 1118, 1127–28 (9th Cir. 2001) (explaining that where an inmate quit his law library job in the face of repeated threats of transfer, the inmate demonstrated a chilling effect in violation of his First Amendment rights).

[45] *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient.").

[46] Docket 6.

[47] Docket 7.

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 11 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 11 of 17

of review at the screening stage is generally limited to the contents of the complaint.[48] A court need not determine whether a plaintiff will ultimately prevail at the screening stage; rather at this stage, a court determines only whether the plaintiff should be afforded an opportunity to proceed to the next stage of litigation and subsequently offer evidence to support his claims.[49] Should any amended complaint proceed beyond the screening stage, the Court will order service and issue an order setting a schedule for discovery and dispositive motions.

Additionally, Plaintiff's filing of proposed replacement page of the complaint at Docket 7 is not the not proper procedure to amend a complaint.[50] A plaintiff may not simply substitute part of a complaint or add new facts, claims, or defendants by motion or declaration. Any future attempts at amendment must comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders, including the information provided below.[51] Plaintiff is cautioned that non-procedurally compliant filings will not be considered.

---

[48] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[49] *See Scheuer,* 416 U.S. at 236 (a district court acts "prematurely" and "erroneously" when it dismisses a well-pleaded complaint, thereby "preclud[ing] any opportunity for the plaintiffs" to establish their case "by subsequent proof").

[50] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1

[51] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules; *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 12 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 12 of 17

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[52] Any claim not included in the amended complaint will be considered waived. An amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[53] A plaintiff need not file exhibits or evidence, such as affidavits, to attempt to prove his case at the pleading stage.[54] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[55] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being

---

[52] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[53] Fed. R. Civ. P. 8(a)(2).

[54] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[55] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 13 of 17

repeated anywhere in the complaint.[56] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint may not include any defendants or claims that have been dismissed with prejudice.

If Plaintiff chooses to file an amended complaint, the Court must screen the complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service and issue an order setting a schedule for discovery and dispositive motions.

---

[56] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 14 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 14 of 17

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5. Plaintiff is advised that federal law only allows the Court to waive a prisoner's prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[57] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim

---

[57] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 15 of 17
Case 3:24-cv-00196-SLG   Document 8   Filed 01/31/25   Page 15 of 17

for relief in an amended complaint, the Court will issue a separate order on the collection for the filing fee.

6. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[58] Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[59] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[58] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[59] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 16 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 16 of 17

and its effective date.[60] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 31st day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[60] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00196-SLG, *Collins v. Traxinger, et al.*
Screening Order
Page 17 of 17
Case 3:24-cv-00196-SLG    Document 8    Filed 01/31/25    Page 17 of 17